UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN ELLIOTT BOYCE,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:13-cv-06070-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing

the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth

below, defendant's decision to deny benefits should be reversed and this matter should be

remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 21, 2008, plaintiff filed an application for SSI benefits and on August 13, 2008,

he filed another one for disability insurance benefits, alleging in both applications he became

disabled beginning October 16, 2006. See ECF #16, Administrative Record ("AR") 17. Both

ORDER - 1

applications were denied upon initial administrative review on November 19, 2008, and on

reconsideration on March 13, 2009. See id. A hearing was held before administrative law judge

("ALJ") Verrell Dethloff, on June 3, 2010, at which plaintiff, represented by counsel, appeared

and testified. See AR 40-58.

In a decision dated August 16, 2010, ALJ Dethloff determined plaintiff to be not

disabled. See AR 17-32. Plaintiff's request for review of the ALJ's decision was denied by the

Appeals Council on April 11, 2012, making ALJ Dethloff's decision the final decision of the

Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, §

416.1481. Plaintiff appealed that decision to this Court, which on October 1, 2012, remanded this

matter for further administrative proceedings based on the stipulation of the parties. See AR 783-

84.

On remand, a second hearing was held before ALJ Joanne Dantonio on July 22, 2013, at

which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See

AR 705-42. In a decision dated September 16, 2013, ALJ Dantonio also determined plaintiff to

be not disabled. See AR 678-95. It does not appear from the record that the Appeals Council

assumed jurisdiction of the case, making ALJ Dantonio's decision the Commissioner's final

decision. See 20 C.F.R. § 404.984, § 416.1484.

On December 30, 2013, plaintiff filed a complaint in this Court seeking judicial review of

the Commissioner's final decision. See ECF #3. The administrative record was filed with the

Court on March 24, 2014. See ECF #16. The parties have completed their briefing, and thus this

matter is now ripe for the Court's review.  Plaintiff argues the decision to deny benefits should

be reversed and remanded for an award of benefits, or in the alternative for further administrative

proceedings, because the ALJ erred:

ORDER - 2

(1)    in evaluating the medical opinion evidence in the record;

(2)    in not considering whether any of plaintiff's impairments met or medically equaled the criteria of those contained in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(3)    in discounting plaintiff's credibility;

(4)    in assessing plaintiff's residual functional capacity ("RFC");

(5)    in failing to consider plaintiff's pain; and

(6)    in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in assessing plaintiff's RFC and in finding him to be capable of performing other jobs existing in significant numbers in the national economy, and thus in determining him to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation

ORDER - 3

omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

supported by inferences reasonably drawn from the record."). "The substantial evidence test

requires that the reviewing court determine" whether the Commissioner's decision is "supported

by more than a scintilla of evidence, although less than a preponderance of the evidence is

required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence

admits of more than one rational interpretation," the Commissioner's decision must be upheld.

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

sufficient to support either outcome, we must affirm the decision actually made.") (quoting

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

        Defendant employs a five-step "sequential evaluation process" to determine whether a

claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

disabled or not disabled at any particular step thereof, the disability determination is made at that

step, and the sequential evaluation process ends. See id. If a disability determination "cannot be

made on the basis of medical factors alone at step three of that process," the ALJ must identify

the claimant's "functional limitations and restrictions" and assess his or her "remaining

capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184

*2. A claimant's RFC assessment is used at step four sequential disability evaluation process to

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached. If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them. It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may
> not try the case de novo, neither may it abdicate its traditional function of review. It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

In assessing plaintiff's residual functional capacity, ALJ Dantonio found plaintiff was able to frequently reach overhead. See AR 685. Plaintiff argues this finding is inconsistent with the ALJ's statement that she gave "little weight" to the assessment of Brent Packer, M.D., and Charles Wolfe, M.D., that plaintiff was limited to occasional overhead reaching with his right arm, because the record showed he was "more limited" in that area. AR 690; see also AR 311. Defendant concedes the ALJ's assessment that plaintiff can frequently reach overhead is not consistent with her finding that Dr. Packer's and Dr. Wolfe's limitation to occasional overhead reaching with the right arm is insufficiently restrictive. See ECF #25, p. 18. The Court also finds the ALJ's findings to be inconsistent, and therefore further finds the ALJ's determination that plaintiff can frequently reach overhead is not supported by substantial evidence, as the ALJ has failed to adequately explain how she came to that conclusion.

II.    The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability

evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the second hearing, the ALJ posed a hypothetical question to the vocational expert containing the same limitation to frequent overhead reaching as was included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 737. In response to that question, the vocational expert testified that an individual with those limitations would be able to perform the jobs of injection molding machine off-bearer, film touch-up inspector and masker. See AR 738-39. Based on the vocational expert's testimony, the ALJ found plaintiff would be capable of performing those jobs, which the ALJ further found existed in significant numbers in the national economy. See AR 694.

As discussed above, however, the limitation to frequent overhead reaching contained in

ORDER - 6

1    the ALJ's RFC assessment is not supported by substantial evidence, and thus the vocational

2    expert's testimony in response to the hypothetical question the ALJ posed also cannot be said to

3    be supported by substantial evidence. Accordingly, the ALJ erred in relying on the testimony of

4    the vocational expert to find plaintiff capable of performing the above three jobs. Nor is that

5    error harmless[2] as the Dictionary of Occupational Titles ("DOT") describes each job as requiring

6    reaching at least frequently. See DICOT 556.685-038 (frequent reaching), 1991 WL 683482;

7    DICOT 726.684-050, 1991 WL 679601 (constant reaching); DICOT 726.687-034 (frequent

8    reaching), 1991 WL 679638.

9          Defendant argues there is no harm here because overhead reaching is not specifically

10   required by the DOT for any of those jobs. But this may just be because the DOT does not more

11   explicitly spell out the reaching requirements for the jobs it describes, other than to indicate the

12   frequency of reaching involved generally. See id. In other words, the DOT may not specifically

13   require the ability to reach overhead simply because it does not further break down the term

14   "reaching" into reaching performed overhead and/or in other directions. Given this lack of

15   greater specificity in the language of the DOT, and the fact that there is at least a potential

16   conflict between the testimony of the vocational expert and the DOT here – in regard to which

17   the ALJ did not inquire or obtain a reasonable explanation therefor[3] – remand for further

18   consideration of that issue is warranted.

---

[2] Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

[3] The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation."  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). Before relying on evidence obtained from a vocational expert to support a finding of not disabled, therefore, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999); SSR 00-4p, 2000 WL 189704 *1. The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. SSR 00-4p, 2000 WL 189704 *4. While the ALJ did state in her decision that the vocational expert testimony was inconsistent with the information contained in the DOT, the ALJ did not further elaborate on that statement so as to indicate she in fact was aware of this potential conflict.

ORDER - 7

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to plaintiff's residual functional capacity and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the

ORDER - 8

findings contained herein.

DATED this 29th day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9